IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| LEFT COAST CELLARS, LLC, | § § § § § § § § § § | |
| Plaintiffs, | | |
| VS. | | CIVIL ACTION NO. 19-2597 |
| LEFT COAST BREWING CO. | | |
| Defendants. | | |

**COMPLAINT FOR DECLARATORY JUDGMENT and INJUNCTIVE RELIEF: (1) LIKELIHOOD OF CONFUSION and FALSE DESIGNATIONS, DESCRIPTIONS AND REPRESENTATIONS (15 U.S.C. § 1125(A); (2) UNFAIR COMPETITION UNDER COLORADO COMMON AND STATUTORY LAW; (3) TRADEMARK INFRINGEMENT UNDER COLORADO COMMON LAW; AND (6) DEMAND FOR JURY TRIAL**

Plaintiff, Left Coast Cellars, LLC, by and through the undersigned counsel, for its Complaint for Declaratory Judgment and for Injunctive Relief against Left Coast Brewing Co. states as follows:

**NATURE OF ACTION, JURISDICTION, VENUE**

1.     This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.     This is also an action for likelihood of confusion and the use of false designations of origin and false and misleading descriptions and representations in violation of the Trademark Act of 1946, 15 U.S.C. § 1125(a); unfair competition in violation of the common law of the State of Colorado, and violation of Colorado's service mark infringement statute, Colo. Rev. Stat. § 7-70-111(1)(a).

3.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. §§ 1121, and 28 U.S.C. §§ 1331 and 1338 in that this Complaint raises federal questions arising under the Lanham Act 15 U.S.C. § 1125, arising out of interstate commerce.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391 in that Defendant, upon information and belief, has sold products and has distributed products which are the subject of this action in this district.

5.      Defendant is subject to personal jurisdiction in Colorado pursuant to Colorado's long arm statute C.R.S. § 13-1-124.

## THE PARTIES

6.      Plaintiff Left Coast Cellars, LLC is a limited liability corporation organized and existing under the laws of the state of Oregon, with its principal place of business at 4225 N. Pacific Hwy 99W, Rickreall, Oregon 97371.

7.      Upon information and belief, Defendant Left Coast Brewing Co. is a California entity that conducts business at 1245 Puerta Del Sol, San Clemente, California 92673.

## FACTS UNDERLYING THE CLAIMS FOR RELIEF

8.      Left Coast Cellars is a winery and vineyard, which was founded in 2003. It is one of the largest contiguous all estate wine brands in Oregon's Willamette Valley. The Willamette Valley is recognized as one of the premier Pinot Noir producing areas in the world. Left Coast Cellars has won numerous awards and accolades for its wines since 2006. The grapes are grown at a 490-acre estate, where the wines, which are grown, produced and bottled onsite, are handcrafted. This business model lends to a particularly high quality product.

9.      Left Coast Cellars' wines are all branded under the LEFT COAST mark, with their core lineup branded as shown below:



10.     Left Coast Cellars' has built a consistent track record for producing world-class wines and has won many awards. These include high (over 90 point) ratings for 14 separate SKUs from 9 different major scoring publications. Left Coast Cellars' list of recent accolades is as follows:

- **2008 The Orchards Pinot Gris- 90 Wine Enthusiast**
- **2009 The Orchards Pinot Gris- 90 and 'Best Buy' Wine & Spirits**
- **2013 The Orchards Pinot Gris- GOLD Texsom Wine Competition**
- **2014 The Orchards Pinot Gris- 88 Wine Enthusiast**
- **2015 The Orchards Pinot Gris- Double Gold, San Francisco Wine Chronicle**
- **2018 The Orchards Pinot Gris- 90 and 'Editor's Choice' Wine Enthusiast**
- **2015 The Left Bank Pinot Blanc- 90 Vinous**
- **2014 Truffle Hill Chardonnay- 90 Wine Enthusiast, Vinous and Wine Spectator**
- **2017 Truffle Hill Chardonnay - 92 James Suckling**

- **2006 Cali's Cuvée Pinot Noir- 91 Wine Enthusiast**
- **2008 Cali's Cuvée Pinot Noir- 92 Wine Spectator**
- **2012 Cali's Cuvée Pinot Noir- 92 Wine & Spirits**
- **2013 Cali's Cuvée Pinot Noir- 90 Wine Spectator**
- **2014 Cali's Cuvée Pinot Noir- 91 and 'Editors Choice' Wine Enthusiast**
- **2016 Cali's Cuvée Pinot Noir- 91 James Suckling, 91 Wine Advocate, 90 Wine Enthusiast**
- **2008 Latitude 45° Pinot Noir- 90 Wine Spectator and Tanzer**
- **2011 Latitude 45° Pinot Noir- 92 Wine Spectator**
- **2012 Latitude 45° Pinot Noir- 90 Tanzer**
- **2014 Latitude 45° Pinot Noir- 92 Wine Enthusiast**
- **2015 Latitude 45° Pinot Noir- 92- VINOUS**
- **2015 Latitude Pinot Noir - Gold Oregon Wine Awards**
- **2016 Latitude Pinot Noir - 90 Wine Advocate**
- **2011 Truffle Hill Pinot Noir- 90 Tanzer**
- **2012 Truffle Hill Pinot Noir- 91 Tanzer- 90 and 'Best Buy' Wine & Spirits**
- **2013 Truffle Hill Pinot Noir- 90 Vinous**
- **2014 Truffle Hill Pinot Noir- 91 Wine Enthusiast**
- **2014 Truffle Hill Pinot Noir- 91 VINOUS**
- **2015 Truffle Hill Pinot Noir - 90 Wine Enthusiast**
- **2015 Truffle Hill Pinot Noir - 92 Vinous**
- **2016 Truffle Hill Pinot Noir - 92+ Wine Advocate, 93 Wine Enthusiast (Editor's Choice)**
- **2012 Right Bank Pinot Noir- 90 Tanzer**
- **2014 Right Bank Pinot Noir- 90 Wine Enthusiast**
- **2014 Right Bank Pinot Noir- 90 VINOUS**
- **2015 Right Bank Pinot Noir - 92 Vinous**
- **2016 Right Bank Pinot Noir- 91 Wine Enthusiast**
- **2012 White Pinot Noir- 90 Wine Enthusiast**
- **2013 White Pinot Noir- 90 Tanzer**
- **2018 White Pinot Noir- 91 Wine Enthusiast**
- **2008 Suzanne's Estate Reserve Pinot Noir- 90 Tanzer**
- **2010 Suzanne's Estate Reserve Pinot Noir- 92 Wine Spectator**
- **2012 Suzanne's Estate Reserve Pinot Noir- 92 Wine Spectator**
- **2014 Suzanne's Estate Reserve Pinot Noir- 91 Wine Enthusiast**
- **2016 Suzanne's Estate Reserve Pinot Noir- 94+ Wine Advocate**
- **2015 Suzanne's Estate Reserve Estate Chardonnay - 92 Wine & Spirits, 93+ Wine Advocate**
- **2016 Suzanne's Estate Reserve Rose- 91 Wine Enthusiast**

- **2018 Rose- 91 'Editor's Choice' Wine Enthusiast**
- **2013 Field of Dreams Syrah- 92 Wine & Spirits**
- **2012 Blanc de Noir - 90 Wine Enthusiast**
- **2013 Blanc de Noir - 92 Wine Enthusiast (Cellar Selection)**

11.   Left Coast Cellars sells its LEFT COAST branded wine throughout the United States, including, but not limited to Colorado, Oregon, Alabama, Alaska, Arkansas, Arizona, California, Florida, Georgia, Idaho, Illinois, Iowa, Kansas, Louisiana, Massachusetts, Maryland, Delaware, Washington D.C., Maine, Minnesota, Missouri, Montana, North Carolina, New York, New Jersey, Connecticut, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, Washington and Wisconsin. It also sells its product internationally, in British Columbia, Alberta, the Yukon and Quebec, as well as in Malaysia and Japan.

12.   Since 2004, Left Coast Cellars has invested substantial time, effort, and money in promoting and advertising its wines under the LEFT COAST marks throughout the United States and abroad. The LEFT COAST brand has come to represent an extremely valuable asset belonging exclusively to Left Coast Cellars, especially in the field of wines.

13.   On information and belief, prior to the acts complained of herein, Defendant was aware of the vast goodwill represented and symbolized in the LEFT COAST mark and that the public recognizes and relies upon the LEFT COAST mark as identifying Left Coast Cellars' wines and distinguishing Left Coast Cellars' wine products from the products of others.

14.   Upon information and belief, at some time after 2004, Defendant began to produce and sell beer under the mark, LEFT COAST, in California.

15.   On or about January 20, 2018, Defendants contacted Left Coast Cellars via its website and wrote, "I'm sorry to inform you, but [you're] going to have change the Left Coast name." In

the message it was written that Defendant, Left Coast Brewing Co. allegedly owns the trademark in connection with "alcohol, coffee, juice, tea, water and more."

16.     In a subsequent email Defendant wrote "I understand you've been using the name for a few years but that's irrelevant."

17.     A number of additional messages were sent to Left Coast Cellars and on March 12, 2018, Left Coast Cellars responded that the Estate was founded in 2003 and wine has been produced since 2004. The CEO of the company, Mr. Taylor Pfaff also included a photograph of a bottle with the label from 2004:



18. Defendant followed up with another email message stating, "I know Left Coast Wine was recently taken by you which was the name we're going to use. This cannot happen." In a message nine hours later on March 16, 2018 at 7:22am, Defendant wrote, "Good morning, I'm sorry but please cease and desist with leftcoastwine [sic]."

19. Further emails were exchanged between Taylor Pfaff, Left Coast Cellar's CEO and Shawn Hadjis, representative of Defendant. According to Mr. Hadjis, in an email written on March 21, 2018, Defendant's "…intent [was to] eventually do wine and spirits."

20. In additional email messages, Mr. Hadjis wrote that the company had already had a proprietary "private label wine" made for its "restaurant chain."

21. At that juncture, Left Coast Cellars retained counsel to protect their rights.

22. On or prior to August 16, 2019, Defendant began selling, in commerce, spirits, namely, rum and whiskey under the mark, LEFT COAST.

## CLAIMS FOR RELIEF

## COUNT I

## DECLARATORY JUDGMENT

23. This is an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

24. An actual case and controversy exists between the parties that may be adjudicated by this Court consistent with U.S. CONST. art. III, § 2, cl.1.

25. Defendant has taken affirmative action against Left Coast Cellars regarding its use of the trademark, LEFT COAST on wines and spirits.

26. Left Coast Cellars has a reasonable apprehension of being a defendant in an infringement suit brought by Defendant as a result of Defendant's threats against Left Coast Cellars that it must cease and desist use of the LEFT COAST mark.

27. Left Coast Cellars is entitled to bring this action to determine non-infringement of the LEFT COAST mark because Left Coast Cellars has a reason and reasonable apprehension that if it continues to use the LEFT COAST mark in connection with the sale of its products, it will be subject to liability.

28. Defendant has alleged that it is the owner of the LEFT COAST mark and that Left Coast Cellars should cease and desist from using the LEFT COAST mark.

29. Left Coast Cellars' use of the LEFT COAST mark for wine and spirits is a non-infringing use.

30. Left Coast Cellars seeks a declaration that it has not infringed on Defendant's LEFT COAST mark for beer and that it is entitled to continue using the term LEFT COAST for wine and to use the term, LEFT COAST for spirits in the future.

## COUNT II

### TRADEMARK INFRINGEMENT AND FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATIONS OF ORIGIN
### (15 U.S.C. §1125(a))

31. Left Coast Cellars repeats and realleges the preceding paragraphs as if set forth in full herein.

32. The aforesaid acts of Defendant constitute the use in commerce in connection with the Defendant's goods of symbols and devices, and of false designations of origin, and false or misleading descriptions and representations in violation on 15 U.S.C. § 1125(a).

33. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Left Coast Cellars and, unless such acts are restrained by this Court, they will be continued and Left Coast Cellars will continue to suffer great and irreparable injury.

34. Left Coast Cellars has no adequate remedy at law if an injunction is not issued, as continued violations of the Lanham Act will cause additional irreparable injury.

35. As a result of Defendant's actions, Left Coast Cellars has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

## COUNT III

### UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES UNDER COLORADO COMMON AND STATUTORY LAW (COLO.REV.STAT. § 6-1-105)

36. Left Coast Cellars repeats and realleges the preceding paragraphs as if set forth herein in full.

37. The aforesaid acts of Defendant constitute the sale and passing-off of its products as Left Coast Cellars' products, infringement, imitation and misappropriation of Left Coast Cellars' trademarks, and unfair competition with Left Coast Cellars in violation of Left Coast Cellars' rights at common law and in violation of Colorado's Deceptive Trade Practices Act, and specifically, Colo. Rev. Stat. § 6-1-105.

38. Defendant's acts have caused and will continue to cause a likelihood of consumer confusion and have caused and will continue to cause great and irreparable injury to Left Coast Cellars and, unless such acts are restrained by this Court, they will be continued and Left Coast Cellars will continue to suffer great and irreparable injury.

39. Left Coast Cellars has no adequate remedy at law if an injunction is not issued, as continued violations of Colorado common law will cause additional irreparable injury.

## COUNT IV

## TRADEMARK INFRINGEMENT UNDER
## COLORADO COMMON LAW

40. Left Coast Cellars repeats and realleges the preceding paragraphs as if set forth herein in full.

41. The aforesaid acts of Defendant use in commerce within the state of Colorado.

42. Defendant's acts have caused and will continue to cause a likelihood of consumer confusion and have caused and will continue to cause great and irreparable injury to Left Coast Cellars and, unless such acts are restrained by this Court, they will be continued and Left Coast Cellars will continue to suffer great and irreparable injury.

43. Left Coast Cellars has no adequate remedy at law if an injunction is not issued, as continued violations of Colorado common law will cause additional irreparable injury.

## DEMAND FOR RELIEF

WHEREFORE, Left Coast Cellars, LLC demands judgment as follows

- A. A declaratory judgment that Left Coast Cellars, LLC's use of the LEFT COAST mark for wine is lawful.
- B. A declaratory judgment that Left Coast Cellars, LLC's use of the LEFT COAST mark for spirits is lawful.
- C. That Defendant and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns or any of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:
    - a. Using the LEFT COAST mark, or any reproduction, counterfeit, copy or colorable imitation of said mark in connection with the importation, sale offer for sale, or distribution of wine.

    b. Using the LEFT COAST mark, or any reproduction, counterfeit, copy or colorable imitation of said mark in connection with the importation, sale offer for sale, or distribution of spirits.

    c. Using the LEFT COAST mark or any reproduction, counterfeit, copy or colorable imitation of same, in any manner likely to cause others to believe that Defendant's products are connection with Left Coast Cellars.

    d. Making any false or misleading statements regarding Left Coast Cellars or its goods, or the relationship between Left Coast Cellars, on one hand, and Defendant, on the other hand.

    e. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (d).

D. That this case be found exceptional and that Left Coast Cellars, LLC be awarded its attorneys' fees pursuant to 15 U.S.C. § 1117(a) and other law that may apply.

E. That Left Coast Cellars, LLC recover the damages arising out of Defendant's wrongful acts in a sum equal to three times the actual damages suffered by Left Coast Cellars, LLC, as provided in 15 U.S.C. § 1117(b).

F. That Left Coast Cellars, LLC recover the taxable costs and interest of this civil action, including reasonable attorneys' fees and interest.

G. That Defendant be ordered to file with the Court and serve upon Left Coast Cellars, LLC, within thirty (30) days after the service of the injunction upon Defendant, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and judgment entered pursuant to this Complaint.

H. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Left Coast Cellars, LLC hereby demands a jury trial on all issues triable by a jury.

Respectfully submitted,

By:_____
Jason Nardiello
Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
Telephone: (214) 740-1428

ATTORNEYS FOR PLAINTIFF

Dated this 13TH DAY OF SEPTEMBER 2019