# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Daniel D. Domenico

Civil Action No. 1:19-cv-02597-DDD-KLM

LEFT COAST CELLARS, LLC,

    Plaintiff,

v.

LEFT COAST BREWING CO.,

    Defendants.

---

## ORDER DISMISSING CASE

---

Plaintiff Left Coast Cellars, LLC seeks declaratory and injunctive relief against Defendant Left Coast Brewing Co. for alleged trademark infringement and unfair competition. Defendant has moved to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, for the Court to transfer this case to the Southern Division of the Central District of California, where Defendant resides. Though plaintiffs are usually afforded a degree of deference in their selection of an appropriate venue, that Plaintiff filed here puzzles the Court. No party resides here. No witnesses or other significant sources of proof can be found here. The costs of litigation for both parties will be higher here than elsewhere. And this Court is too congested to preside over a case with no significant relationship to the State of Colorado. Venue thus appears improper, but since it is also clear that the Court does not have jurisdiction over Defendant, this case is **DISMISSED** without prejudice.

# BACKGROUND[1]

Plaintiff is an Oregon winery that has been using the "Left Coast" mark since 2004. It holds itself out as a nationally recognized wine brand that markets and has distribution channels in thirty-five states. Through a third-party distributor, Plaintiff sells wine in Colorado, which has become its third largest market. Plaintiff's counsel for corporate and tax issues[2] is also in Colorado, and Plaintiff's COO believes this counsel may have documents in this District which will help establish its first Colorado use of the "Left Coast" mark.

Defendant is a California brewery established in 2011 that received the trademark "Left Coast Brewing & Distilling" in 2018. Its principle place of business is in the City of San Clemente.[3] All of its officers, managers, directors, and staff reside in California. It is not licensed to do business in Colorado, doesn't have a registered agent in the state, doesn't have any employees here, and has never advertised here. It has also never directly sold products here, though sales accounting for 1.5% of its revenue were made here through a third-party distributor. Those sales ceased around June 14, 2018, more than a year before this suit was

---

[1] The facts relevant to this motion are drawn from the Declaration of Taylor Pfaff, CEO of Plaintiff (Doc. 14-1); Affidavit of James Hester, Attorney for Defendant (Doc. 13-1); and Affidavit of Tommy Hadjis, General Manager for Defendant (Doc. 13-2). Some allegations have been borrowed from the Complaint (Doc. 2).

[2] Plaintiff's litigation counsel in this matter is not from Colorado, but from Texas. (*See generally* Docket.)

[3] The City of San Clemente is located within the Central District of California, Southern Division.

filed. All of Defendant's corporate attorneys, who have the most information regarding trademarks filed by Defendant, reside in California. Defendant's litigation counsel is also in California.

Starting January 20, 2018, the parties exchanged e-mails for several month regarding their respective entitlement to the "Left Coast" mark. On or about August 15, 2019, Defendant began selling rum and whiskey under the "Left Coast" mark.[4] On September 13, 2019, Plaintiff brought this case against Defendant in this district, seeking declaratory and injunctive relief for alleged trademark infringement and unfair competition. On October 31, 2019, Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue. (Doc. 13.) In the alternative, the motion seeks transfer of the case to the Central District of California. At least one party did not consent to the jurisdiction of the magistrate judge, and on December 6, 2019, the case was drawn to the undersigned. The motion is ripe for review.

## ANALYSIS

To obtain personal jurisdiction over a nonresident defendant, a plaintiff must show (1) that jurisdiction is legitimate under the laws of the forum state, and (2) that the exercise of jurisdiction does not offend the Due Process Clause. *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999). Relevant here, Colorado's long-arm statute confers jurisdiction over "any cause of action arising from . . . [t]he commission of a tortious act within this state." Colo. Rev. Stat.

---

[4] There is no indication in the Complaint or elsewhere that these sales took place in Colorado. (*See* Doc. 2 ¶ 22.) In fact, the Complaint does not allege that Defendant has ever, through a third party or otherwise, sold products in Colorado. (*See generally id.*) The 1.5% total revenue of sales in Colorado figure comes from the Hadjis Affidavit, filed by Defendant in connection with this motion. (Doc. 13-2 ¶ 8.)

§ 13–1–124(1)(b). Additionally, "tortious conduct in a foreign state which causes injury in Colorado may be deemed to be an act committed in Colorado so as to satisfy the long-arm statute." *D & D Fuller CATV Const., Inc. v. Pace*, 780 P.2d 520, 524 (Colo. 1989). "Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause." *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1229 (D. Colo. 2009).

In *Floyd's 99 Holdings, LLC v. Jude's Barbershop, Inc.*, this Court granted a motion to dismiss for lack of personal jurisdiction in a trademark case, writing that "the out-of-state commission of trademark infringement alone—even with knowledge that the infringement would cause economic injury in Colorado—falls well short of contact 'expressly aimed' at the state." 898 F. Supp. 2d 1202, 1208–09 (D. Colo. 2012). "[T]hat [defendant] may have infringed on [plaintiff's] mark outside of Colorado, and did so knowing that [plaintiff] was a Colorado resident and that this infringement would have effects in Colorado, is not sufficient to demonstrate 'express aiming' at this forum." *Id.* at 1209.

In this case, as in *Floyd's 99*, the Court does not have personal jurisdiction over Defendant.[5] Plaintiff has not alleged facts supporting that Defendant's alleged infringement or unfair practices were "expressly aimed" at this forum. In fact, the Complaint contains no allegations other than Plaintiff sells wine in Colorado through a third party

---

[5] A plaintiff may also establish jurisdiction by well-pleaded allegations and "by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010).

(which is not relevant to whether the Court has jurisdiction over Defendant); that Defendant exchanged several "cease and desist" e-mails with Plaintiff; Defendant intends to eventually sell wine and spirits under a trademark it obtained in 2018; and Defendant did sell spirits beginning in 2019. (*See generally* Doc. 2.) None of these allegations tie Defendant to Colorado or show that the allegedly illegal conduct was "expressly aimed" here, and the Court therefore dismisses for lack of personal jurisdiction.

For similar reasons, venue would be improper even if the Court had jurisdiction. The appropriate venue in a civil action is either (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Here, the only Defendant in this case resides in California, and no substantial part of the complained-of conduct took place in Colorado. The alleged trademark infringement and unfair competition, if true, took place in California because that is where Defendant and its officers and employees live and work. And Plaintiff does not show how Defendant's only connection to this state—that some of its products were sold here by third parties—has any significant bearing on its causes of action. The Court sees no reason why this action could not have been brought in California, where Defendant would be subject to both general and specific personal jurisdiction. A California federal court would also have subject matter jurisdiction because of the federal questions in this case.

When venue is improper, a court may, in the interests of justice, transfer the case to a district court in which it could have been brought. 28 U.S.C. §§ 1404, 1406. "[P]ersonal jurisdiction over the defendant is not a prerequisite" to transfer. *Hapaniewski v. City of Chicago Heights*,

883 F.2d 576, 579 (7th Cir. 1989), *cert. denied*, 493 U.S. 1071 (1990); *see also Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendant or not."). In exercising discretionary power under section 1404(a) to order a transfer, district courts consider (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; (9) and, all other considerations of a practical nature that make a trial easy, expeditious and economical. *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

Here, transfer would be warranted in the interests of justice. First, as Defendant points out, although "the plaintiff's choice of forum is generally accorded due deference, where the plaintiff's choice of forum is not his residence, it is given much less weight in ruling on a discretionary transfer motion." *Ervin & Assocs., Inc. v. Cisneros*, 939 F. Supp. 793, 799 (D. Colo. 1996). This factor would weigh only marginally in Plaintiff's favor.

The remaining considerations are either neutral or starkly support transfer. Judgment enforceability[6] and concerns related to the conflict of laws do not favor either party. There is also no significant advantage in having this Court decide questions of Colorado trademark and unfair competition law. Those causes of action are common and are not governed by any especially unique local standards. *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) (this factor receives less weight); *Donchez v. Coors Brewing Co.*, 392 F.3d 1211, 1220 (10th Cir. 2004) (treating similarly the factors to be proven for both federal and Colorado claims like those at issue here).

And significantly, the gravity of this case is in California (and Oregon) not Colorado. The key witnesses are Defendant's officers and employees in California and Plaintiff's officers and employees in Oregon. The important conduct under scrutiny is Defendant's, and, only to a lesser extent, Plaintiff's.[7] The most vital documents are likely in Defendant's possession. And, as Defendant points out, each of its witnesses lives more than 100 miles from the borders of Colorado, which will undermine Plaintiff's ability to compel attendance of witnesses at trial. *See* Fed. R. Civ. P. 45(c). These circumstances stand to increase the costs of litigation, for both parties, in a forum not local to where disputes are most likely to arise. Finally, as Plaintiff admits, the District of Colorado is demonstrably more congested than the Central District of California.

---

[6] Plaintiff argues this factor cuts in its favor because *Plaintiff's* sales in Colorado are higher than its sales in California. (Doc. 14, at 11–12.) But surely, any difficulty Plaintiff perceives it will have in collection should it prevail would be better resolved in favor of transfer, where its collection efforts against a California company would be more effective.

[7] The Court notes that Defendant's officers and employees are more material witnesses to the claims at issue because it is those persons alleged to have infringed upon a Plaintiff's rights.

The pleadings and affidavits demonstrate that this is not an appropriate forum. Were the Court to have jurisdiction, transfer would be in order.

## CONCLUSION

For the foregoing reasons, the motion to dismiss (Doc. 13) is **GRANTED** in part. The case is **DISMISSED** without prejudice for lack of the Court's jurisdiction over Defendant.

DATED: December 20, 2019.   BY THE COURT:

_____
Daniel D. Domenico
United States District Judge